THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL O'ROURKE and<br>    LISA O'ROURKE, | ) <br> ) <br> ) |
| Plaintiffs | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| TD BANK N.A., WELLS FARGO BANK, N.A.<br>    And ALLIANCE TITLE GROUP, INC. | ) <br> ) <br> ) |
| Defendants | ) |

## **COMPLAINT**

Now comes the Plaintiffs, DANIEL O'ROURKE and LISA O'ROURKE, by and through their attorney, Daniel A. Bellino, of The Law Office of Daniel A. Bellino, states as follows for their Complaint against Defendants TD BANK, N.A., WELLS FARGO BANK, N.A., and ALLIANCE TITLE GROUP, INC.:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to **28 U.S.C. § 1331** (federal question jurisdiction) and **28 U.S.C. § 1332** (diversity jurisdiction), as the amount in controversy exceeds $75,000, and the parties are citizens of different states.

2. Venue is proper in this district under **28 U.S.C. § 1391(b)** because a substantial part of the events giving rise to the claim occurred in this judicial district.

## PARTIES

3. Plaintiffs **Daniel O'Rourke** and **Lisa O'Rourke** are residents of Cherry Hill, New Jersey.

4. Defendant **TORONTO-DOMINION BANK, d/b/a TD BANK, N.A.** is a national banking institution with its principal place of business in Cherry Hill, New Jersey.

5. Defendant **WELLS FARGO BANK, N.A.** is a national banking institution with its principal place of business in San Francisco, California.

6. Defendant **ALLIANCE TITLE GROUP, INC.** is a title company engaged in real estate settlement services, with its principal place of business in Florida.

## FACTUAL BACKGROUND

7. Plaintiffs Daniel O'Rourke and Lisa O'Rourke opened a checking account with Defendant TD Bank and have maintained this as their primary joint checking account for over twenty years.

8. In opening and maintaining this account, Plaintiffs were bound by the terms and conditions presented by TD Bank, which Plaintiffs believe are required of any account holder seeking to open an account with TD Bank. Pursuant to those terms and conditions, Plaintiffs understood that his deposited funds would be secure and that any withdrawals or transfers would be subject to the terms and conditions outlined in

the agreement between the parties; Including, but not limited to, verification and authentication of any outgoing wire transfer.

9. On March 28, 2022, Plaintiff Daniel O'Rourke, as a customer of Alliance Title Group, was by Alliance Title that he would be receiving wire instructions via email the following morning and was then to initiate the wire payment from his bank to Alliance Title Group.

10. Following a police investigation, it was determined that at the time Alliance Title gave this instruction to Plaintiff, the email of the communicating representative of Alliance Title was, in fact, compromised and being monitored by a fraudulent third party. Additionally, it was determined that Alliance Title was using personal email addresses and failed to provide any additional security or IT infrastructure support to ensure their correspondences were uncorrupted.

11. Due to this compromise, Plaintiff received a fraudulent email containing fraudulent wire instructions.

12. On the morning of March 29, 2022, Plaintiff walked into the TD Bank located at 2689 Gulf to Bay Blvd., Clearwater, FL 33759 and provided the fraudulent wire instructions to the TD Bank teller.

13. TD Bank processed the wire without conducting any due diligence, failing to question why the recipient account was not in the name of the title company listed in the instructions and why the routing number was for a personal checking account with Defendant Wells Fargo, whose home branch was in the State of California.

14. TD Bank processed the wire without providing any of the security and verification they so promise to every account holder in the terms and conditions of their agreement with each of their customers.

15. Shortly after initiating the wire, Plaintiff received the correct wire instructions from Alliance Title. Alliance Title did not accept responsibility for the breach of ther security and has never, to this day, apologized for their failure to protect Plaintiffs, as customers.

16. Plaintiff immediately contacted TD Bank and requested that they recall the wire transfer due to fraud, and also provided the correct wire instructions.

17. TD Bank told Plaintiff they would initiate a recall on the wire (which was later determined to have never occurred).

18. At that time, Plaintiff confirmed that the money had not yet been deposited into the fraudulent party's personal account and believed TD Bank would quickly return the funds to his account.

19. When the funds had not been returned, Plaintiff contacted TD Bank again. TD Bank stated they were contacting Wells Fargo and advised Plaintiff to do the same.

20. Plaintiff then contacted Wells Fargo, which refused to place a freeze on the wire, claiming they had no way to confirm what Plaintiff was alleging, despite being unequivocally informed that this was a fraudulent transaction. Wells Fargo claimed that only TD Bank could initiate a freeze.

21. Plaintiff returned to TD Bank in person, where he was told they were working on the recall and was assured that Wells Fargo had been notified.

22. TD Bank informed Plaintiff they had done everything possible to recall the wire.

23. The following day, Plaintiff was notified that the recall was unsuccessful and that Wells Fargo had deposited the money into the fraudulent account.

24. The funds were subsequently withdrawn, via multiple withdrawals, by the fraudulent party several hours after both TD Bank and Wells Fargo were notified of the fraud.

25. Neither bank properly communicated or acted in time to recall the wire, and each bank blamed the other for the failure.

26. Alliance Title Company, having accepted no responsibility for the fraudulent wire, proceeded to immediately terminated Plaintiffs as a customer, as opposed to assisting them in trying to recoup their lost monies, thus compounding the damages sustained by Plaintiffs.

27. Plaintiffs were a customer utilizing Alliance Title;s services to facilitate the purchase of a  condominium located at 1176 Falcon Drive, Dunedid FL 34698. The $69,597.51 wire transfer was the down payment requested by Alliance Title Group for the scheduled closing on that property.

28. As a result of Defendants' failures, Plaintiff lost $69,597.51 and was unable to proceed with the real estate transaction at that time.

## FEDERAL WIRE RECALL PROCEDURES

27. Federally insured banks, including TD Bank and Wells Fargo, follow established procedures for recalling a wire transfer upon notification of fraud.

28. According to guidelines from the Federal Reserve and the Office of the Comptroller of the Currency (OCC), a bank receiving a recall request must immediately initiate a SWIFT recall message to the receiving bank and attempt to place a hold on the funds.

29. If the funds have not yet been withdrawn, the receiving bank is obligated to freeze the account and prevent further transactions.

30. Both sending and receiving banks are required to engage in good faith communication to facilitate the return of the funds and prevent financial losses due to fraud.

31. In this case, both TD Bank and Wells Fargo failed to act in accordance with these procedures despite prompt notification by Plaintiff.

## CAUSES OF ACTION

## COUNT I – NEGLIGENCE

32. Plaintiffs incorporate by reference the allegations in paragraphs 1-31 as if fully set forth herein.

33. Defendants owed Plaintiffs a duty to act with reasonable care upon being notified of the fraudulent wire transaction.

34. Defendants breached this duty by failing to take timely action to freeze, recall, or recover the wired funds.

35. As a direct and proximate result of Defendants' negligence, Plaintiffs suffered financial losses in the amount in excess of $75,000.00.

## COUNT II – BREACH OF CONTRACT

36. Plaintiffs incorporate by reference the allegations in paragraphs 1-35 as if fully set forth herein.

37. Plaintiffs maintained an account with TD Bank and relied on its banking services to execute wire transfers securely.

38. Plaintiffs were an intended third-party beneficiary of Wells Fargo's and Alliance Title Company's duty to conduct transactions in a commercially reasonable manner.

39. Defendants breached their contractual obligations by failing to act on Plaintiffs' timely fraud notification and failing to prevent the wire transfer from being completed.

40. As a result, Plaintiffs suffered damages in the amount in excess of $75,000.00.

## COUNT III – VIOLATION OF UCC ARTICLE 4A

41. Plaintiffs incorporate by reference the allegations in paragraphs 1-40 as if fully set forth herein.

42. Under UCC Article 4A, banks and financial institutions are required to handle wire transfers in a commercially reasonable manner.

43. Defendants' failure to stop the wire transfer after timely notification constitutes a violation of their duties under UCC § 4A-207 and § 4A-305.

44. As a result, Plaintiff suffered financial harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against

Defendants, awarding the following relief:

A. Compensatory damages in the amount of $69,597.51,  plus interest;

B. Punitive damages as warranted;

C. Attorneys' fees and costs;

D. Any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Respectfully Submitted,

S/ Daniel A. Bellino
*Attorney for Plaintiffs*

Daniel A. Bellino
The Law Office of Daniel A. Bellino
214 Washington Street
Algonquin, Illinois 60102
Telephone: (847) 261-9700
ARDC No. 6288011
E-mail: dan@bellinolaw.com

**CERTIFICATE OF SERVICE**

The undersigned attorney, on behalf of Plaintiffs Daniel and Lisa O'Rourke, certifies that on or about March 18, 2025, he caused the foregoing Complaint for Negligence, Breach of Contract and Violation of UCC Article 4A to be served by certified mail, return receipt requested, upon the following addresses listed as registered agents for each respective Defendant with the Secretary of State:

**TD BANK, N.A.**
**Corporation Service Company**
**1200 South Pine Island Road**
**Plantation, FL 33324**

**WELLS FARGO BANK, N.A.**
**Corporation Service Company**
**8825 N. 23rd Avenue**
**Phoenix, AZ 85021**

**TD BANK N.A.**
**Corporate Headquarters**
**1 Portland Square**
**Portland, ME 04112**

**Alliance Title Group**
**c/o Scott F. Nelson**
**5422 Bay Central Drive #130**
**Tampa, FL 33609**

**Alliance Title Group**
**Attn: Diana Brashear**
**1330 Gillespie Dr.**
**Palm Harbor, FL 34684**

Respectfully Submitted,

S/ Daniel A. Bellino
*Attorney for Plaintiffs*

Daniel A. Bellino
The Law Office of Daniel A. Bellino
214 Washington Street
Algonquin, Illinois 60102
Telephone: (847) 261-9700
ARDC No. 6288011
E-mail: dan@bellinolaw.com